## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ROBERT BOLTON #313166**                     **CIVIL ACTION**

**versus**                                    **NO. 07-626**

**WARDEN LYNN COOPER**                        **SECTION: "K" (1)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  <u>See</u> 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Robert Bolton, is a state prisoner incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana.  On August 24, 2000, he was convicted of distribution of marijuana in violation of La.Rev.Stat.Ann. § 40:966.[2]  On July 19, 2001, he pled guilty to being a second offender and resentenced as such to a term of fifteen years imprisonment.[3]  On March 11, 2003, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction and sentence.[4]  He then filed with the Louisiana Supreme Court an untimely writ application[5] which was denied on November 14, 2003.[6]

On or after August 11, 2004, petitioner filed with the state district court an application for post-conviction relief.[7]  That application was denied on August 26, 2004.[8]  He next

---

[2] State Rec., Vol. II of VI, transcript of August 24, 2000, p. 150; State Rec., Vol. I of VI, minute entry dated August 24, 2000; State Rec., Vol. I of VI, jury verdict form.

[3] State Rec., Vol. I of VI, transcript of July 19, 2001; State Rec., Vol. I of VI, minute entry dated July 19, 2001.

[4] State v. Bolton, 844 So.2d 135 (La. App. 5th Cir. 2003) (No. 02-KA-1034); State Rec., Vol. I of VI.

[5] State Rec., Vol. VI of VI.

[6] State v. Bolton, 858 So.2d 417 (La. 2003) (No. 2003-KO-1159); State Rec., Vol. VI of VI.

[7] State Rec., Vol. I of VI.  Petitioner signed the application on August 11, 2004, and it was stamped as filed on August 23, 2004.

[8] State Rec., Vol. I of VI, Order dated August 26, 2004.

filed with the Louisiana Fifth Circuit Court of Appeal a related writ application[9] which was denied on December 16, 2004.[10]

   In the meantime, petitioner had returned to the state district court to file a second post-conviction application on or after October 7, 2004.[11] That application was denied on October 25, 2004.[12] He next filed with the Louisiana Fifth Circuit Court of Appeal a related writ application[13] which was denied on January 6, 2005.[14]

   On or after November 11, 2005, petitioner filed with the state district a third application for post-conviction relief.[15] That application was denied on December 7, 2005.[16] He next filed with the Louisiana Fifth Circuit Court of Appeal a related writ application[17] which was

---

[9] State Rec., Vol. V of VI.

[10] State v. Bolton, No. 04-KH-1426 (La. App. 5th Cir. Dec. 16, 2004) (unpublished); State Rec., Vol. I of VI.

[11] State Rec., Vol. I of VI. Petitioner signed the application on October 7, 2004, and it was stamped as filed on October 11, 2004. He simultaneously filed the same application with the Louisiana Fifth Circuit Court of Appeal. That application was denied on November 16, 2004, because he had not first sought relief in the district court. State v. Bolton, No. 04-KH-1329 (La. App. 5th Cir. Nov. 16, 2004) (unpublished); State Rec., Vol. V of VI.

[12] State Rec., Vol. I of VI, Order dated October 25, 2004.

[13] State Rec., Vol. V of V.

[14] State v. Bolton, No. 04-KH-1476 (La. App. 5th Cir. Jan. 6, 2005) (unpublished); State Rec., Vol. I of VI.

[15] State Rec., Vol. I of VI. Petitioner signed the application on November 11, 2005, and it was stamped as filed on December 1, 2005.

[16] State Rec., Vol. I of VI, Order dated December 7, 2005.

[17] State Rec., Vol. V of V.

denied on February 1, 2006.[18]   He then filed with the Louisiana Supreme Court a related writ application[19] which was denied on December 15, 2006.[20]

On January 27, 2007, petitioner filed the instant federal application for *habeas corpus* relief.[21]   In support of his application, petitioner claims that he is actually innocent and should be afforded a new trial based upon newly discovered evidence.   The state contends that petitioner's federal application should be dismissed as  untimely.[22]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction or sentence becomes "final."[23]   Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review.   28 U.S.C. § 2244(d)(1)(A).   In the instant case, the state argues that petitioner's conviction and sentence became final upon the expiration of his period for filing a timely writ application with the Louisiana Supreme Court.   This Court agrees.

---

[18]   State v. Bolton, No. 06-KH-55 (La. App. 5th Cir. Feb. 1, 2006) (unpublished); State Rec., Vol. I of VI.

[19]   State Rec., Vol. VI of VI.

[20]   State *ex rel.* Bolton v. State, 944 So.2d 1279 (La. 2006) (No. 2006-KH-1177); State Rec., Vol. VI of VI.

[21]   Rec. Doc. 4.

[22]   Rec. Doc. 13.

[23]   Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are inapplicable in the instant case.

Louisiana Supreme Court Rule X, § 5(a) provides: "An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ...." The Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction and sentence on March 11, 2003, and notice of that judgment was mailed that same date.[24] Accordingly, he had only until April 10, 2003, to file a timely writ application with the Louisiana Supreme Court.

From the record, it is clear that petitioner did not meet that deadline. According to the certificate of service on his writ application, he mailed his writ application to the Louisiana Supreme Court on May 6, 2003.[25] Therefore, it clearly could not have been filed by April 10 deadline. Moreover, although petitioner had filed a motion for an extension of time to file his application, the Louisiana Supreme Court never expressly granted that extension, and this Court notes that state law expressly prohibits such extensions. Louisiana Supreme Court Rule X, § 5(a); Williams v. Cain, 217 F.3d 303, 308 (5th Cir. 1999). Accordingly, for AEDPA purposes, the Court finds that petitioner's conviction and sentence became final no later than April 10, 2003, when his period expired for seeking timely review by the Louisiana Supreme Court. From that point, he had only one year to file his federal *habeas corpus* application, unless that deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a "properly filed" application for state post-

---

[24]  State Rec., Vol. IV of VI, certificate of mailing.

[25]  State Rec., Vol. VI of VI.

conviction relief or other collateral review attacking a conviction or sentence is pending in state court.  28 U.S.C. § 2244(d)(2).  A "properly filed" application is one submitted according to the state's procedural requirements.  Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999).

At the time petitioner's conviction became final and the limitations period would have normally commenced, he already had pending before the Louisiana Supreme Court the motion for extension of time to file a writ application.[26]  The law is arguably unclear as what tolling credit, if any, he should receive for that motion and the subsequent application.

On the one hand, as previously noted, such extensions clearly are not allowed under state law and, therefore, the motion was improper.  Filings not allowed by state law are not "properly filed" so as to warrant statutory tolling under 28 U.S.C. § 2244(d)(2).  See Douglas v. Horn, 359 F.3d 257, 262 (3rd Cir. 2004); Brown v. Shannon, 322 F.3d 768, 775 n.5 (3rd Cir. 2003); Gaudet v. Cain, No. 01-30460, 2002 WL 243278, at *1 & n.5 (5th Cir. Jan. 18, 2002); Adeline v. Stinson, 206 F.3d 249, 252-53 (2nd Cir. 2000); Orgeron v. Cain, Civ. Action No. 06-1451, 2006 WL 2789087, at *5 (E.D. La. Sept. 8, 2006); Evans v. Senkowski, 228 F.Supp.2d 254, 263 (E.D.N.Y. 2002).

On the other hand, the United Fifth Circuit Court of Appeals has indicated that, at least in some circumstances, tolling credit should be given for the time a request for permission to file an out-of-time writ application is pending before the Louisiana Supreme Court.  See McGee v. Cain, 104 Fed. App'x 989, 991-92 (5th Cir. 2004) ("[T]he AEDPA limitations period would be tolled

---

[26]   Petitioner signed that motion on April 7, 2003, and the Court will assume that it was given to prison officials for mailing on that same date.  Therefore, under the state "mailbox rule," the application is deemed to have been filed on that date.  See Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

only while [the petitioner] sought and obtained leave to file the out-of-time writ request."). While McGee is an unpublished decision, and while the passage therein indicating that tolling credit may be available is clearly *dicta*, McGee is nevertheless troublesome.

This matter is further complicated by the fact that the Louisiana Supreme Court neither expressly ruled on the motion for an extension nor stated on what basis it denied the related writ application. In light of the fact that this Court cannot glean from the record what the Louisiana Supreme Court intended, as well as the fact that the law is arguably unsettled in light of McGee, this Court, without more, is hesitant to resolve these issues against petitioner. Therefore, out of an abundance of caution and because petitioner's federal application is untimely regardless, the Court will assume for the purposes of this decision that the statute of limitations was in fact tolled from April 7, 2003, the date on which the motion for an extension was filed, until November 14, 2003, the date on which the related writ application was denied.[27]

After the limitations period belatedly commenced at that point, two hundred seventy (270) days of the period elapsed before it was again tolled when petitioner filed his first state post-conviction application on August 11, 2004. Although that application was ultimately denied, the limitations period arguably remained tolled until petitioner's thirty-day period expired for seeking review of the intermediate appellate court's related denial of December 16, 2004. See Melancon

---

[27] However, because the writ application was untimely, it must be considered to be a post-conviction application. See State *ex rel.* Hall v. State, 871 So.2d 1071 (La. 9/24/99). Therefore, the Louisiana Supreme Court's judgment denying that application was final on the date the judgment was issued, and petitioner clearly is not entitled to tolling credit for the ninety-day period for seeking review by the United States Supreme Court. Lawrence v. Florida, 127 S.Ct. 1079 (2007). Nevertheless, even if petitioner were give credit for that ninety-day period, his federal application would still be untimely.

v. Kaylo, 259 F.3d 401, 406-07 (5th Cir. 2001).[28]  However, even then, the limitations period did not

resume running because petitioner had already again tolled the period by filing his second state post-

conviction application on October 7, 2004.  At the latest, tolling credit for that application ceased

on February 7, 2005, when petitioner's period expired for seeking review by the Louisiana Supreme

Court of the intermediate appellate court's related denial.  Id.[29]

        As noted, at that point, two hundred seventy (270) days of limitations period had

already elapsed, leaving only ninety-five (95) days remaining.  Therefore, petitioner had only until

May 3, 2005, either to file his federal application or to toll the statute of limitations with another

state application.  However, petitioner filed neither a federal application nor a state application

within that period.  Accordingly, petitioner's federal statute of limitations expired no later than May

13, 2005.[30]

---

[28]  Tolling may have in fact ceased earlier, because it appears that the writ application filed with the Louisiana Fifth Circuit Court of Appeal was untimely.  However, that fact cannot be conclusively established based on the record before the Court, and the writ application was not denied as untimely.  Accordingly, because it makes no difference here, the Court will assume that both that writ application and the writ application in case number 04-KH-1476, which appears to suffer from the same defect, were timely filed.

[29]  The Louisiana Fifth Circuit Court of Appeal rendered its judgment on January 6, 2005.  State v. Bolton, No. 04-KH-1476 (La. App. 5th Cir. Jan. 6, 2005) (unpublished); State Rec., Vol. I of VI.  Pursuant to Louisiana Supreme Court Rule X, § 5(a), a writ application challenging such a judgment must be filed within thirty days; however, because the thirtieth day in this case fell on a Saturday, petitioner had until the following Monday, February 7, 2005, to file his writ application.  See La.C.Cr.P. art. 13; La.Rev.Stat.Ann. § 1:55.

[30]  The Court notes that petitioner filed a third state post-conviction application on or after November 11, 2005.  However, because that application was filed after the expiration of the statute of limitations, it can have no bearing on the timeliness of petitioner's federal application.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can also be equitably tolled in rare and exceptional circumstances.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).   This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

The Court expressly rejects petitioner's argument that he is entitled to equitable tolling because he is claiming that he is actually innocent.  The United States Fifth Circuit Court of Appeals has held that claims of actual innocence do not affect the timeliness of a § 2254 petition:

> The one-year limitations period established by § 2244(d) contains no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted.  As a consequence, a petitioner's claims of actual innocence are relevant to the timeliness of his petition if they justify equitable tolling of the limitations period.  We have previously held that they do not.  Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000).  Therefore, [a petitioner's] claims of innocence do not preclude the dismissal of his petition as untimely.

Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002).

---

WL 863132, at *2 (E.D. La. June 27, 2000).

In light of the foregoing, petitioner's federal application for *habeas corpus* relief had to be filed on or before May 13, 2005, in order to be timely.  Petitioner's federal application was not filed until January 27, 2007,[31] and it is therefore untimely.

Alternatively, the Court notes that, even if the application is not dismissed as untimely, it is clearly meritless.  In his application, petitioner claims that he is actually innocent and that he should be afforded a new trial based upon newly discovered evidence that the officers who testified against him allegedly were later caught using illegal drugs.  However, the United States Supreme Court has made clear that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent violation occurring in the underlying criminal proceeding."  Herrera v. Collins, 506 U.S. 390, 400 (1993); see also Foster v. Quarterman, 466 F.3d 359, 367 (5th Cir. 2006) ("[A]ctual-innocence is *not* an independently cognizable federal-habeas claim.") (emphasis in original), cert. denied, 127 S.Ct. 2099 (2007); Lucas v. Johnson, 132 F.3d 1069, 1075 (5th Cir. 1998) (reaffirming that "a claim of actual innocence based on newly discovered evidence fails to state a claim in federal habeas corpus.").  Accordingly, petitioner's freestanding claim of actual innocence simply is not cognizable in this federal forum.[32]

---

[31]  Petitioner signed his application for federal *habeas corpus* relief on January 27, 2007.  Rec. Doc. 4.  That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes.  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

[32]  Moreover, the Court notes that petitioner's "newly discovered evidence" is, at best, unconvincing.  Many years after petitioner's arrest and conviction, an unrelated investigation conducted by the Jefferson Parish Sheriff's Office found that several officers were using illegal

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Robert Bolton be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this thirteen day of August, 2007.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

drugs. Among the officers implicated in the investigation were Deputies Kevin Guillot and Phillip Desalvo, both of whom had been involved in petitioner's arrest and testified at his trial. However, no evidence has been produced to show that the officers' alleged drug use years later played any part whatsoever in the arrest or conviction of petitioner or, for that matter, of any individual. Although the officers may have used drugs at some point in their careers, there is no indication that their drug use led them to falsely accuse anyone, much less petitioner, of crimes. The allegations of drug use against the officers are simply irrelevant here.